UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    FILED ELECTRONICALLY

- against -                    **REPLY AFFIRMATION**

RAFIQ SABIR,                                        05 Cr. 673 (LAP)

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -- - - --x


EDWARD D. WILFORD, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares under the penalties of perjury:

Natali Todd, Esq., and I are counsel for the defendant RAFIQ SABIR, and I make this declaration in reply to the government's response to the defendant's omnibus motion.

The affidavit of Brian Murphy (hereinafter Murphy affidavit) relied upon by the court to issue the warrant to search Dr. Sabir's Florida residence contained deliberately false information.

The information contained in the Murphy affidavit that was either reckless or false and deliberately presented to the court is detailed below.

The Murphy affidavit at  paragraph 20 presents excerpted conversations, deliberately presented in a fashion to achieve the goals of obtaining the search warrant rather than accurately reflecting what was actually said and by whom the statements were made. In fact the details about utilizing Dr. Sabir's medical training to assist wounded Jihadists apparently is based upon conversations between TARIK SHAH and U/C-1,

primarily U/C-1 telling Shah that "physicians with emergency room experience would be needed for brothers in training who get hurt" ( see paragraph 20(g)). The affidavit constantly attempts to portray Dr. Sabir as being the source of his willingness to provide medical services to wounded Jihadists when in fact there is absolutely no conversation that is recorded or that even occurred that corroborates this view. Any representation by TARIK SHAH or by the U/C-1 should have been clearly identified as such so that the court could make an appropriate probable cause determination with respect to issuing a warrant to search Dr. Sabir's home.

The Murphy affidavit at Page 12 of the Murphy affidavit at Item 18 states that between January 4, 2005 and February 5, 2005 over seventy (70) calls between Dr. Sabir and Tarik Shah- no reference to the duration of the calls. Without the duration of the calls it is impossible to attribute any untoward or even suspicious nature to the calls, yet the calls are presented as a basis for the warrant. The Murphy affidavit did not even inform the court, in that paragraph in the indictment, that Dr. Sabir was not even in America during that time period.

The Murphy affidavit at Page 17 paragraph 22 refers to a flurry of telephone calls between March 11, 2004 and March 18, 2004, described as twenty (20) calls in one week, there is no presentation of what analysis was done as to other time periods prior to February 11,2004 the reference point in the Murphy affidavit. This must be contrasted with paragraph 27 of the Murphy affidavit which indicates that Dr. Sabir was out of the country during the time period referenced in paragraph 22 of the Murphy affidavit.

The Murphy affidavit at Page 23 paragraph 30 is a false statement. Dr. Sabir

did not stay with TARIK SHAH in New York upon his return from his contractual assignment in Saudi Arabia. This information according to the Murphy affidavit was provided by a confidential source referred to as CS-1, "According to CS-1, who relayed this information to me in or about May 2005, upon Sabir's return to the United States, Sabir was staying with TARIK IBN OSMAN SHAH a/k/a "Tarik Shah," a/k/a "Tarik Jenkins," a/k/a "Abu Musab," at SHAH's new apartment in the Bronx, i.e., the New York PREMISES." This information was easily able to be confirmed or corroborated but no effort was made to do so, the affidavit simply relied upon the information provided by the informant as being credible. If any effort had been made to corroborate this information it would have been readily apparent that the informant's information was completely false. Dr. Sabir upon his return from Saudi Arabia, stayed with his family in Florida, travel records, telephone records, credit card receipts and witness accounts can confirm this.

The Murphy affidavit at Page 25 paragraph 31 is false Dr. Sabir never worked at a Saudi Military base, Dr. Sabir worked at what is akin to a Veterans Administration hospital here in America . This information was easy enough to have confirmed or verified prior to placing such information in an affidavit but no effort to do so was made the information was simply, deliberately and recklessly, presented to the judge in an all out effort to obtain the desired search warrant.

The Murphy affidavit at Page 26 paragraph ( i) is false. The purported conversation never occurred and is clearly not reflected in the conversations recorded on May 20, 2005 during the meeting between TARIK SHAH, U/C-1 and Dr. Sabir that was tape recorded and provided to the defendant as part of the discovery in this case.

The Murphy affidavit at Page 26 paragraph j is false. There is no recording that exists to support this recitation of events either.

The Murphy affidavit at Page 34 in the paragraph related to property to be seized, the seizure is based on the extensive martial arts training of Dr. Sabir. This information is not supported by any evidence. There is no recording of Dr. Sabir talking about extensive martial arts training. There is no statement by Dr. Sabir that he intended to go to the mountains or to the Middle East for Jihad training. The Murphy affidavit contains allegations that Dr. Sabir spoke about the recorded speeches of Bin Laden, this is patently false only TARIK SHAH engaged in those conversations not Dr. Sabir. The Murphy affidavit asserts that Dr. Sabir travel to the Middle East for other reasons when the only reason Dr. Sabir traveled to Saudi Arabia was to work on contract as a medical doctor and for no other reason. There were no trips to Pakistan or Afghanistan or anywhere else and Dr. Sabir made no effort to hide his trips to Saudi Arabia which were purely for business purposes. The only military base Dr. Sabir visited in Saudi Arabia was an American military base when he was on a scuba diving vacation with other Americans living in Saudi Arabia. This information also could have been verified b a check with the United States military however no such efforts were undertaken prior to placing this information in the Murphy affidavit.

The above detailed review of the affidavit, provided several instances where information was either omitted, recklessly provided to the court or information that was submitted to the court was false.

The court is requested to make a determination of the propriety of the issuance of

the search warrant. These instances of false or omitted information, require that the information obtained as a result of the omissions or false statements proffered to support the search warrant that issued be suppressed, or at the very least a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), be conducted.

The statements set forth in the affidavit in support of the warrant, were intentionally or recklessly false and that without the inclusion of the false statements, probable cause was lacking for issuance of the warrant.

In order to obtain a *Franks* hearing challenging the veracity of a statement in a search warrant affidavit, a defendant must make a "substantial preliminary showing" [1] that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and [2] that "the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, at 155-56 (1978).

"If, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks,* id, at 171; See also, *United States v. Fermin*, 32 F.3d 674, 677 (2d Cir. 1994). Stated another way, a motion to suppress for a *Franks* violation is denied without a hearing if, after setting aside the misleading statements or omissions, there remains a residue of independent information sufficient to support a finding of probable cause. *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987). If, on the other hand, false statements are necessary to the finding of probable cause, any evidence seized pursuant to that warrant must be suppressed. *Franks v. Delaware*, 438

U.S. 154, at 155-56 (1978); *United States v. Campino*, 890 F.2d 588, 591-592 (2d Cir.), cert. denied, 474 U.S. 841 (1990).

The defendant has the burden of making a "substantial preliminary showing" that the affiant for the warrant intentionally or recklessly included a false statement in the warrant affidavit.

The defendant must produce allegations of deliberate falsehoods or reckless disregard for the truth.

Evidence seized pursuant to a search warrant that was based on a misleading or incomplete affidavit still will not be suppressed if the affiant prepared the affidavit in good faith. *United States v. Ambrosio, 898 F. Supp. 177, 188 (S.D.N.Y. 1995)*. Under *Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)*, a defendant may challenge the affiant's good faith and truthfulness of the underlying affidavit if he "makes a substantial preliminary showing" that (1) the affidavit contained deliberately or recklessly false or misleading material, and (2) the "affidavit's remaining content" is insufficient to establish probable cause when the false material is set aside. *Franks at 155-56*.

Thus, under the first prong of *Franks,* a defendant must show deliberate falsity, reckless disregard, or else serious doubt by the affiant as to the truth; allegations of innocent mistake or negligence are insufficient. See, *United States v. Perez, 247 F. Supp. 2d 459, 475-76 (S.D.N.Y. 2003);United States v. Canfield, 212 F.3d 713, 720 (2d Cir. 2000)*.

Under the second prong of *Franks*, if a court decides that false statements or material omissions in a search warrant affidavit were made knowingly or recklessly, the court must "correct"

the affidavit by "disregarding the allegedly false statements" and then "determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." *Canfield*, id at 718 (internal quotations omitted). If, upon a de novo review, the court finds that the "corrected" affidavit provides a sufficient basis for probable cause, the court must uphold the warrant and deny suppression. *Canfield*, id.

To suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding." *United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998)*

The ultimate inquiry is whether, after putting aside erroneous information and material omissions, "there remains a residue of independent and lawful information sufficient to support probable cause."

The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. When the affidavit in support of the search warrant is based on information obtained from a confidential informant, "courts assess the information by examining the 'totality of the circumstances' bearing upon its reliability." *Illinois v. Gates,* 462 U.S. 213 (1983)

*United States v. Martin,* 426 F.3d 68 (2d Cir. 2005) "There is . . . a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks, 438 U.S. at 171.* "In certain circumstances, however, a defendant may challenge the truthfulness of factual

statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *United States v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003)*.

The defendant has detailed several instances where there are deliberate omissions, misstatements, and misinformation. This information, if removed from the affidavit leaves the remainder of the information in the Murphy affidavit devoid of probable cause for a warrant to issue to search the home of Dr. Sabir.

Should the Court determine the defendant has proven by a preponderance of the evidence that the magistrate was misled in issuing the warrant, by omitted material information, then suppression is the appropriate remedy. *United States v. Leon*, 468 U.S. 897 (1984). However, at a minimum, the defendant has made a sufficient showing requiring a *Franks* hearing. At the *Franks* hearing, the defendant will produce further evidence to prove, by a preponderance of the evidence, that the agents misled the court by deliberate omissions, misstatements and misinformation.

Therefore, the search warrant was invalid and any evidence seized or obtained as a result of the warrant must be suppressed.

Dated: New York, New York
October 23, 2006

_____
Edward D. Wilford, Esq.
Attorney for Defendant
20 Vesey Street, Suite 400
New York, New York 10007
(212) 528-2741