# EDWARD D. WILFORD
Attorney at Law
20 Vesey Street - Suite 400
New York, New York 10007
(212) 528-2741 Fax (212) 964-2926

March 31, 2007

**VIA ELECTRONIC FILING**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Shah et al*
               05 Cr. 673 (LAP)

Dear Judge Preska:

      The defendant moves *in limine* to be permitted to introduce expert testimony, of a clinical psychologist.

      The defendant seeks to introduce the testimony of Dr. Hope Hill, a clinical psychologist. The testimony of Dr. Hill will be proffered to assist the jury in understanding association and making a determination as to the intent of the defendant.

      The intent of the defendant is a specific and necessary element the government must prove beyond a reasonable doubt. Intent can only be determined by circumstantial evidence, unless the jury accepts the defendant's proof that he did not intend to commit the crime. The defendant herein intends to present evidence that evinces his lack of intent. The government must introduce evidence that it asserts proves beyond a reasonable doubt Dr. Sabir's *mens rea* to commit the crimes with which he is charged, to wit, conspiring to and providing material support to a terrorist organization. The government asserts that based on the actions of the defendant the jury can infer his intent. The defendant asserts that based on the evidence adduced on his behalf the jury can infer his lack of intent. Therefore the issue of intent is a fact that is provable by evidence that is relevant.

      Intent can be determined from the acts of the defendant as the conscious aim and objective of those acts. The ability to understand why the defendant acted in a particular manner will allow the jury to determine whether or not those acts constituted a conscious aim and objective, on the part of the defendant to conspire to or actually provide material support to a terrorist organization.

The proof sought to be introduced by the defendant is not an attempt to proffer testimony on the ultimate issue, which is clearly prohibited by FRE 704(b), but rather is being offered to provide the jury with expert testimony as an aid to accurately understanding and ultimately deciding the defendant's intent.

Additionally, the defendant is charged in the first count of the indictment with conspiracy.
The defendant's association with Shah and others is a critical factor which the jury must understand to accurately assess the relationships between the alleged co-conspirators as well as the defendant's participation in the conspiracy.

The government argues that "association" manifests intent, as well as the existence of the conspiracy. The defendant posits that an explanation of why and how he associated with various alleged co-conspirators is material and relevant to the proof in this case.

By way of analogy if the defendant was charged in a racketeering or narcotics case, he would be permitted to introduce evidence, including expert testimony, that would bear on the associations and the reasons for those associations. The government is in essence arguing that Al Qaeda is a racketeering enterprise and that the defendant joined the enterprise based upon his association with Shah and others. The defendant herein also has under the Sixth Amendment the right to present evidence in his own behalf on the issue of association. *Alaska v. Davis*, 415 US 308 (1974); *Chambers v. Mississippi*, 410 US 284 (1973).

The testimony of Dr. Hill is relevant because it will establish the defendant's relationship as an association as it relates to the evidence of intent, and the charge of conspiracy in acting with defendant Shah; both matters which are properly provable in this case and conforms to the strictures of FRE 401. The proposed testimony of Dr. Hill will show that the relationship exists based upon principles evolved by experience or science, to be applied logically to the facts and circumstances of this case. The probative value of Dr. Hill's testimony substantially outweighs any danger of unfair prejudice, it is not cumulative, it will not confuse the issues or mislead the jury and certainly will not be a needless waste of time. See FRE 403 Advisory Committee Notes.

Additionally, as a clinical psychologist with experience spanning over three decades in the areas encompassing clinical psychology, gangs and assessment of risk factors that lead to involvement in gangs. The testimony of Dr. Hill will be based upon reliable principles and methods that will be reliably applied to the facts of this case.

Rule 702 states that:
> If scientific, technical or other specialized knowledge
> will assist the trier of fact to understand the evidence or
> to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training or
> education, may testify thereto in the form of an opinion

> or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product
> of reliable principles and methods, and (3) the witness
> has applied the principles and methods reliably to the
> facts of this case.

Clearly Dr. Hill satisfies FRE 702 in all respects and her testimony as an expert if it satisfies FRE 401 and 403 is admissible.

By employing a similar four pronged analysis in this case the testimony is admissible. (1) The evidence is admissible as expert testimony pursuant to FRE 704; (2) The evidence is relevant pursuant to FRE 402; (3) The probative value of the evidence outweighs any prejudicial impact that would derive from the introduction of the proffered testimony; (4) The court can provide the jury with sufficient limiting instructions on the appropriate use of the proposed evidence pursuant to FRE 105.

*United States v. Diallo,* 40 F.3d 32 (2nd Cir. 1994) provides support for the defendant's ability to present expert testimony from Dr. Hill. In *Diallo* the defendant was charged with violating Title 21 U.S.C. §952(a) for importing heroin into the United States. The defendant attempted to enter the country with fifty-eight heroin filled condoms concealed in his garment bag. The defense proffered at trial was that the defendant thought he was smuggling gold dust and not heroin. The trial court excluded testimony of the defendant's expert, a commodities expert on the issue of the defendant's economic motivation for smuggling gold dust. The Court of Appeals for the Second circuit reversed and ordered a new trial. In doing so the court held:

> "It is noteworthy that the government was permitted to call its own
> expert (a DEA agent) to establish an economic motive for Diallo to
> smuggle heroin. Diallo's expert (a commodities analyst), in turn,
> would have shown an economic motive to smuggle gold. Having
> allowed the government to call as an expert a DEA agent, who was
> surely no more qualified as an expert in heroin than Christian was
> in gold, the district court should have accorded the defendant the
> same right. Turnabout is fair play, even in the federal courts."

*Diallo*, at p.35.

In the instant case the government is calling an expert to testify about membership and association in the context of Al Qaeda, surely the defendant must be allowed to present evidence form his expert to explain membership and association between the defendant and other alleged co-conspirators.

*Untied States v. McBride*, 786 F.2d 45 (2d Cir. 1986) is a watershed case on this issue. In *McBride*, the defendant and another were charged with conspiracy to convert government

3

property and commit bank larceny by depositing stolen treasury checks into an account and then making cash withdrawals. The defense sought to introduce the testimony of a psychiatrist to assist the jury in the assessment of the defendant's state of mind. The defendant sought to establish that the defendant lacked the requisite specific intent. The District Court did not permit the defendant to introduce the psychiatric expert testimony. The Court of appeals reversed holding in part that the excluded evidence was critical to the defendant's case.

Herein, the defendant seeks to offer the testimony of a psychologist which is critical to the defendant's case and which as stated above is clearly admissible under the Federal Rules of Evidence.

In *United States v. Pelletiere*, 96 U.S. App. LEXIS 12352, the trial court denied the defendant the opportunity to introduce evidence from a doctor on the issue of intent, and the Second Circuit affirmed. However, the defendant's case is distinguishable from that in *Pelletiere* in that the defendant herein does not intend to offer conclusory opinion evidence by an expert that does not bear on the defendant's mental culpability and his association with other alleged co-conspirators. Rather the testimony sought to be introduced by the defendant through Dr. Hill does just the opposite. The testimony of Dr. Hill will bear directly on the ability of the defendant to form the requisite intent to be guilty of the crimes with which he is charged.

*United States v. Ojiabo Onumonu*, 967 F.2d 782 (2d Cir. 1992), the defendant was charged with smuggling heroin concealed in condoms into the United States. The defendant's defense was that hew thought he was smuggling diamonds and not heroin therefore he did not have the specific requisite intent to smuggle heroin. The defendant in *Onumonu*, sought to introduce expert testimony regarding the frequency and feasibility of diamonds being smuggled into the country. The trial court denied the introduction of the evidence and the Second Circuit reversed, based in no small measure on *McBride*, "Thus, where relevant testimony from a qualified expert would help a jury determine a fact in issue, and where the testimony does not fall under one of the rule 403 exceptions, such testimony should normally be admitted where the district court fails to provide 'a legitimate basis for excluding the proffered evidence.' *McBride, 786 F.2d at 51.* "

In *Onumonu*, the court devised a test for the introduction of expert testimony which the defendant asserts he satisfies the *Onumonu* test and therefore the proposed evidence should be permitted. The court in *Onumonu* determined that the expert testimony would be admissible on the basis of *McBride*, if the defendant could satisfy that the expert testimony was: (1) relevant pursuant to FRE 401 and 402; (2) the probative value outweighed the prejudicial impact pursuant to FRE 403; and (3) fulfilled the requirements for the admission of expert testimony, i.e. as testimony that would assist the trier of fact pursuant to FRE 702.

In the instant case the critical issue is the defendant's specific intent to provide Al Qaeda with material support, along with association. The testimony of the defendant's expert is relevant to both issues and will assist the jury in making that determination.

The court in *United States v. Young*, 2000 U.S. App. LEXIS 11916 excluded expert testimony when the defendant proffered that the testimony would concern one issue in the notice provided and attempted to deviate from the noticed areas when presenting the testimony at trial. The proposed expert testimony in *Young* did not comport with FRE 704(b), therefore for those reasons the trial court excluded the proffered testimony. The defendant herein however, as expressed above and in the expert notice does comport with FRE 704(b) and does not seek to supplant the jury's determination on the issue of intent but merely aid the jury in making that determination.

*United States v. Chin*, 371 F.3d 31 (2d Cir. 2004) is another case where the District Court denied the defendant the opportunity to present expert testimony and on appeal that decision was reversed by the Second Circuit Court of Appeals. In *Chin*, the defendant sought to introduce testimony from a linguistics expert regarding his ability to speak Mandarin. The trial court denied the application but was reversed even though the Second Circuit agreed that under the initial expert proffer by the defendant the trial court properly limited the expert testimony based on the initial proffer the Second Circuit ordered that the defendant be permitted to make a more extensive proffer before the expert testimony could be properly excluded. The court in *Young*, relied on *Diallo* supra.

The defendant herein has made an adequate showing under FRE 702 as to the nature and expertise of the expert witness, Dr. Hill and therefore the proffered testimony should be admitted.

Accordingly, the testimony of Dr. Hill detailing the defendant's background and proffering an analysis for Dr. Sabir's association with Shah, based upon that background, is both relevant and material to the issues in this case, and satisfies the test for the admissibility of expert testimony as outlined by the Second Circuit in *Onumonu*.

Wherefore it is respectfully requested that the court permit the testimony of Dr. Hope Hill as an aid to the jury in determining Dr. Sabir's intent as well the reasons for his association with other members of the alleged conspiracy.

Respectfully submitted,

*Edward D. Wilford*
Edward D. Wilford
Natali Todd
Counsel for Rafiq Sabir

5