

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

May 5, 2007

**BY ECF AND FACSIMILE**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

>           Re:     United States v. Rafiq Sabir
>                   S4 05 Cr. 673 (LAP)

Dear Judge Preska:

       The Government respectfully submits this letter in anticipation that the defendant plans to examine the Government's confidential informant, whom defense counsel has indicated he intends to call as a witness at trial, concerning criminal convictions that are significantly in excess of ten years old. Specifically, the Government's informant has been convicted of numerous crimes, almost all of which involve actual and attempted robberies and incidents of weapons possession. The Government has provided the defense with the informant's name and the details of his criminal history for purposes of this motion. The letter sent to Mr. Wilford is enclosed herewith in the facsimile copy sent to the Court.

       To be clear, the Government will not object to general questioning concerning the facts, already in evidence, that the informant has sustained criminal convictions, including robberies, and that he spent time in prison for these offenses. Nor will the Government object to questions concerning what, if any, benefit the informant may have received in terms of a reduced sentence as a result of his work with the FBI. The Government requests, however, that the defense be precluded from examining the informant concerning how many convictions he has sustained, the actual crimes of which he was convicted, and the facts underlying those convictions.

       Rule 609 of the Federal Rules of Evidence governs the use of prior convictions to impeach a witness's credibility. See Fed. R. Evid. 609. The purpose of Rule 609 is to "permit better assessment of a witness's credibility." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.02[2] (2d ed. 2001). Accordingly, "evidence of a prior

conviction is admissible under Rule 609 only to impeach a witness's character for truthfulness." Id. (emphasis added). Rule 609, therefore, does not govern the substantive use of prior convictions. See, e.g., Roshan v. Fard, 705 F.2d 102, 104 (4th Cir. 1983) (Rule 609 "is concerned solely with the use of evidence of criminal conviction as a means of attacking the credibility of a witness"; convictions offered to demonstrate motive should be assessed under Rule 404(b)).

Rule 609(b) imposes a ten-year time limitation on the use of a witness's prior convictions, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The rationale behind the presumption against the admission of convictions more than ten years old is that convictions "have more probative value as they became more recent." United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (citing cases). The probative value of a conviction referred to in Rule 609(b) is the conviction's probative value as to the witness's truthfulness and credibility. See, e.g., United States v. Salameh, 152 F.3d 88, 131 (2d Cir. 1998) (finding that the District Court properly found that the evidence regarding a Government witness's criminal record, including robbery and assault, lacked sufficient probative value where the witness's arrests and convictions were more than fifteen years old, and "where the crimes were not admissible under Rule 608(b) because they did not involve dishonesty or a false statement, and so were not 'probative of truthfulness or untruthfulness.'").

Here, the informant's convictions are presumptively inadmissible because they are significantly more than ten years old. See Fed. R. Evid. 609(b). Indeed, the most recent felony conviction is from 1992 – fifteen years ago. Furthermore, the informant's remote convictions for robbery and weapons possession have little or no probative value as to his credibility. These crimes do not "involve some element of untruthfulness, deceit or falsification bearing on the [witness's] propensity to testify truthfully." Fed. R. Evid. 609, Advisory Committee Notes. Indeed, crimes such as theft, robbery, or shoplifting, as opposed to crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, and false pretense, do not involve "dishonesty or false statement" within the meaning of Rule 609. See, e.g., United States v. Dunson, 142 F.3d 1213 (10th Cir. 1998) (exclusion of prior shoplifting conviction of government informant whom defendant sought to impeach was proper); United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir. 1991) ( "It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)" (quotation omitted)); United States v. Yeo, 739 F.2d 385, 388 (8th Cir. 1984) ("we believe that the better view is that theft is not a crime of 'dishonesty or false statement' as that term is used in Rule 609(a)(2)"); United States v. Lipscomb, 702 F.2d 1049, 1057 nn. 32-33 (D.C. Cir. 1983) (prior conviction for larceny not admissible under Rule 609(a)(2)); United States v. Hawley, 554 F.2d 50, 53 n. 7 (2d Cir. 1977) (dicta) (noting an "exhaustive opinion" by the D.C. Circuit concluding robbery was not a crime of "'dishonesty or false statement' within the meaning of 609(a)(2)," but not reaching the issue).

Rather than impeach his character for truthfulness, the introduction of the informant's prior convictions would only serve to prejudice the jury in arousing sentiment

against him.  Cf. United States v. Begay, 144 F.3d 1336 (10th Cir. 1998).  Since he started working with the FBI many years ago, the informant has not sustained any criminal convictions, with the exception of a misdemeanor conviction in 2006 for possession of marijuana in the fifth degree.[1]  The informant has long ago, many years before working on this case, left behind him the life he previously led, in which he committed various robberies and other serious crimes.  Having done so, the informant should not now be subjected to lengthy interrogation concerning crimes that he committed between fifteen and thirty nine years ago and that have nothing to do with his credibility.[2]

       For these reasons, the defense should be precluded from examining the informant about the exact nature of his prior convictions, how many prior convictions he has sustained, and the facts and circumstances underlying those convictions.

       Respectfully submitted,

       MICHAEL J. GARCIA
       United States Attorney
       Southern District of New York


By:    /s/ Jennifer Rodgers
       Jennifer G. Rodgers
       Karl Metzner
       Victor L. Hou
       Assistant United States Attorneys
       (212) 637-2200

cc:    Edward Wilford, Esq. (by electronic mail)

---

[1]  Impeachment concerning this misdemeanor conviction is also precluded under Rule 609(a)(1), as it is not a felony.

[2]  For similar reasons, the informant's convictions and the facts and circumstances underlying them are not admissible under Rule 608(b), because they do not involve dishonesty or a false statement that would potentially be probative of truthfulness or untruthfulness.